IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-143

No. 109A21

Filed 5 November 2021

IN THE MATTER OF: P.R.F., S.G.F., Z.N.V., and M.A.V.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 17 December 2020 by Judge Mark L. Killian in District Court, Burke County. This matter was calendared for argument in the Supreme Court on 30 September 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Mona E. Leipold for petitioner-appellee Burke County Department of Social Services.*

*Mark D. Frederick for appellee Guardian ad Litem.*

*Anné C. Wright for respondent-appellant mother.*

PER CURIAM.

¶ 1     Respondent-mother appeals from the trial court's order terminating her parental rights in her minor children P.R.F., S.G.F., Z.N.V., and M.A.V, aged three, seven, twelve, and fourteen, respectively, at the time of termination.[1] Respondent-mother's appellate counsel has filed a no-merit brief on her client's behalf pursuant

---

[1] The children will respectively be referred to throughout the remainder of this opinion using the pseudonyms Pat, Sara, Zed, and Meg, as consistent with the briefing in this case, for ease of reading and to protect the identity of the juveniles.

to N.C. R. App. P. 3.1(e). After careful consideration of the record in light of the applicable law, we conclude that the issues identified by respondent-mother's appellate counsel as potentially supporting an award of relief from the trial court's termination order lack merit and therefore affirm the trial court's order.

¶ 2　　　　In May 2018, a social worker with the Burke County Department of Social Services (BCDSS) visited respondent-mother's home following a report of concerns of injurious environment, improper discipline, and substance abuse. After acknowledging daily marijuana use, respondent-mother agreed with BCDSS's request to place the children in a safety resource placement with family members and friends.

¶ 3　　　　On 1 July 2018, the family taking care of Pat took him to the emergency room when he was having difficulty breathing. Subsequent imaging at Levine Children's Hospital revealed that Pat suffered from a heart condition that should have been addressed earlier. Later that month, Zed and Meg were seen for a Child Medical Exam during which they described seeing respondent-mother and her husband use marijuana and engage in domestic violence.

¶ 4　　　　On 30 July 2018, BCDSS filed a petition alleging that the four children were neglected juveniles. On 20 September 2018, BCDSS filed a new petition alleging that Pat was a neglected and dependent juvenile. That same day, the trial court granted non-secure custody of Pat to BCDSS. On 8 November 2018, the trial court entered an

order adjudicating Sara, Zed, and Meg to be neglected juveniles, and adjudicating Pat to be a neglected and dependent juvenile. BCDSS gained custody of the children, and respondent-mother was given one hour of supervised visitation per week with the older three children and was allowed to attend Pat's ongoing medical appointments.

¶ 5 The trial court ordered respondent-mother to enter into a case plan with BCDSS and required that before she could reunite with her children, respondent-mother must: complete domestic violence, mental health, and substance abuse assessments and follow all recommendations; submit to random drug screens; obtain safe, sanitary, and stable housing; obtain legal and verifiable income; complete an age-appropriate parenting program; and ensure that the health needs of the children were met.

¶ 6 Respondent-mother entered into the case plan as ordered and made some progress toward addressing some of its goals, in that she completed parenting education, completed a domestic violence assessment, obtained consistent employment, and participated in some visitations with the children. However, she missed several random drug screens, and tested positive for marijuana on several other occasions. Respondent-mother missed several visitation appointments due to her work schedule or failing to confirm the visits 48 hours in advance. As a result of respondent-mother's 9 January 2020 mental health assessment, the psychologist diagnosed her with borderline personality disorder, obsessive compulsive disorder,

and cannabis use disorder. During this case-plan period, respondent-mother contributed zero dollars to the cost of care of her children until August 2020, when child support began to be garnished from her wages.

¶ 7     On 21 January 2020, BCDSS filed a petition seeking to terminate respondent-mother's parental rights. The substantive portions of the adjudication stage of the termination of parental rights process were heard on 14, 27, and 28 August 2020, and the disposition stage occurred on 24 September 2020.

¶ 8     On 17 December 2020, the trial court entered an order terminating respondent-mother's parental rights.[2] Specifically, the trial court concluded that grounds had been proven by clear, cogent, and convincing evidence to terminate respondent-mother's parental rights pursuant to: N.C.G.S. § 7B-1111(a)(1) (neglected the juveniles); N.C.G.S. § 7B-1111(a)(3) (willfully failed to pay a reasonable portion of cost of care for the juveniles although physically and financially able to do so); N.C.G.S. § 7B-1111(a)(6) (dependency); and N.C.G.S. § 7B-1111(a)(7) (willful abandonment of the juveniles). After considering the requisite criteria under N.C.G.S. § 7B-1110, the trial court found that termination was in the best interests of the juveniles. Respondent-mother timely filed a notice of appeal on 7 January 2021.

¶ 9     As noted above, respondent-mother's appellate counsel has filed a no-merit

---

[2] The trial court also terminated the parental rights of one father and an unknown father, while a third father relinquished his parental rights prior to the termination hearing. None of the fathers are a party in this appeal.

brief on her client's behalf as authorized by N.C. R. App. P. Rule 3.1(e). In her no-merit brief, respondent-mother's appellate counsel asserted that the trial court's conclusions of law that grounds had been proven to terminate respondent-mother's parental rights on the basis of subsections (a)(1), (6), and (7) of N.C.G.S. § 7B-1111 were not supported by competent findings of fact or evidence. However, respondent-mother's appellate counsel found no merit to the argument that the trial court's conclusion that grounds for termination had been proven on the basis of N.C.G.S. § 7B-1111(a)(3) lacked competent findings of fact or evidence.

¶ 10    N.C.G.S. § 7B-1111(a)(3) provides that a parent's parental rights may be terminated when it is shown by clear, cogent, and convincing evidence that a parent of a juvenile in the custody of a county department of social services, a licensed child-placing agency, a child-caring institution, or a foster home has "for a continuous period of six months immediately preceding the filing of the petition or motion willfully failed to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so." N.C.G.S. § 7B-1111(a)(3) (2019). This Court has held that "absence of a court order, notice, or knowledge of a requirement to pay support is not a defense to a parent's obligation to pay reasonable costs, because parents have an inherent duty to support their children." *In re S.E.*, 373 N.C. 360, 366 (2020); *see also In re J.A.E.W.*, 375 N.C. 112, 117–18 (2020). Rather, "[w]here a parent has the ability to pay some amount greater than zero but pays nothing, the

parent has failed to pay a reasonable portion of the cost of care within the meaning of N.C.G.S. § 7B-1111(a)(3)." *In re J.M.*, 377 N.C. 298, 2021-NCSC-48, ¶ 29.

¶ 11 Here, respondent-mother's appellate counsel asserts that the trial court made findings of fact indicating that respondent-mother willingly failed to pay child support or reasonably contribute to the cost of care for the juveniles during the six months prior to the filing of the petition to terminate parental rights despite having the funds and ability to do so. Specifically, the trial court found that while respondent-mother maintained consistent employment in the months before the petition was filed and had in excess of $10,000 in her savings account as of March 2020, she did not pay any child support or for the juveniles' reasonable cost of care, and conditioned payment on her ability to see the juveniles. Respondent-mother's appellate counsel found that any argument against these trial court findings would be without merit.

¶ 12 Because "an adjudication of any single ground in N.C.G.S. § 7B-1111(a) is sufficient to support a termination of parental rights[,]" respondent-mother's appellate counsel did not address the additional grounds that the trial court determined had been proven for the termination of respondent-mother's parental rights. *In re E.H.P.*, 372 N.C. 388, 395 (2019).

¶ 13 Additionally, respondent-mother's appellate counsel asserted that the trial court here conducted the required analysis regarding the best interests of the children. A trial court's best interests determination must be based on the criteria set

forth in N.C.G.S. § 7B-1110, and is reviewed on appeal for abuse of discretion. Here, respondent-mother's appellate counsel's no-merit brief noted that the trial court considered these criteria in its best interests determination, including the children's ages, the children's likelihood of adoption, whether termination would aid in accomplishment of the permanent plan, the bond between respondent-mother and the children, and the bond between the children and their foster families. Accordingly, respondent-mother's appellate counsel asserted that she could not make a meritorious argument that the trial court erred by determining that termination of respondent-mother's parental rights was in Pat's, Sara's, Zed's, and Meg's best interests.

¶ 14        Finally, respondent-mother's appellate counsel duly advised respondent-mother of her right to file pro se written arguments on her own behalf. Respondent-mother has not, however, submitted any written arguments for our consideration.

¶ 15        This Court independently reviews issues identified by counsel in a no-merit brief filed pursuant to N.C. R. App. P. 3.1(e) for the purpose of determining if any of those issues have potential merit. *In re L.E.M.*, 372 N.C. 396, 402 (2019). After a careful review of the issues identified in the no-merit brief filed by respondent-mother's appellate counsel in light of the record and applicable law, we are satisfied that the findings of fact contained in the trial court's termination order have ample record support and that the trial court did not err or abuse its discretion in

determining that respondent-mother's parental rights in the children were subject to termination and that the termination of respondent-mother's parental rights would be in the children's best interests. As a result, we affirm the trial court's order terminating respondent-mother's parental rights in Pat, Sara, Zed, and Meg.

AFFIRMED.